Filing # 70949321 E-Filed 04/19/2018 12:17:26 PM

IN THE CIRCUIT COURT OF THE SEVENTH
JUDICIAL CIRCUIT IN AND FOR VOLUSIA
COUNTY, FLORIDA

PAWAN GULATI,

        Plaintiff,

                      CASE NO.:

vs.

ORMOND BEACH HOSPITALITY,
LLC, A FLORIDA LIMITED
LIABILITY COMPANY, HORIZON
ASSISTED LIVING CORP., A
FLORIDA CORPORATION, AND
TEJINDER SINGH WALIA,
INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAWAN GULATI (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, ORMOND BEACH HOSPITALITY, LLC, a Florida Limited Liability Company, HORIZON ASSISTED LIVING CORP., a Florida Corporation, and TEJINDER SINGH WALIA, Individually ("Defendants") and in support thereof alleges:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000) exclusive of attorneys' fees and costs.

2. Plaintiff brings this action for recovery of unpaid wages under state law, and recovery of unpaid overtime compensation and minimum wage compensation

under Art. X, Sec. 24 of the Florida Constitution and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes as the actions arose in Volusia County, Florida and Plaintiff worked for Defendants in Volusia County, Florida.

4. The violations alleged in the Complaint occurred in Volusia County, Florida.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a citizen and resident of the State of Florida.

6. Defendant, ORMOND BEACH HOSPITALITY, LLC, is a Florida Limited Liability Company engaged in business in Volusia County, Florida.

7. Defendant, HORIZON ASSISTED LIVING CORP., is a Florida Corporation engaged in business in Volusia County, Florida.

8. At all times relevant to this action, TEJINDER SINGH WALIA was an individual resident of the State of New York, who owned and operated ORMOND BEACH HOSPITALITY, LLC, and HORIZON ASSISTED LIVING CORP., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ORMOND BEACH HOSPITALITY, LLC, and, HORIZON ASSISTED LIVING CORP. By virtue of having regularly exercised that authority on behalf of ORMOND BEACH HOSPITALITY, LLC, and HORIZON ASSISTED LIVING CORP., TEJINDER SINGH WALIA, is an employer as defined by 29 U.S.C. § 201, et seq.

9. During Plaintiff's employment with Defendants, Defendants, ORMOND BEACH HOSPITALITY, LLC, and, HORIZON ASSISTED LIVING CORP., each earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendants, Defendants, ORMOND BEACH HOSPITALITY, LLC, and, HORIZON ASSISTED LIVING CORP., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were office supplies, computers, telephones, furniture and equipment and other items which originated from outside the state of Florida

12. Therefore, Defendants, ORMOND BEACH HOSPITALITY, LLC, and, HORIZON ASSISTED LIVING CORP., are enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and incorporated into Art. X, Sec. 24 of the Florida Constitution.

13. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of almost daily phone calls and e-mails which left the state of Florida, including calling TEJINDER SINGH WALIA outside the state.

## WAGE VIOLATIONS

14. Plaintiff began working for Defendants in March 2016 to work as an administrator in Defendants' assisted living facilities.

15. Plaintiff continued working for Defendants until March 2017 when he

3

left Defendants' employment due to the non-payment of wages as described below.

16. When TEJINDER SINGH WALIA hired Plaintiff to work for his companies and assisted living facilities, Mr. Singh agreed to pay Plaintiff a $5,000 per month salary, a management fee of 5% of the gross revenues of the facility, mileage reimbursement for business travel, monthly automobile insurance reimbursement, and monthly cell phone reimbursement.

17. Plaintiff agreed to these terms and began working for Defendants as an administrator of one of the assisted living facilities under the above agreement.

18. Plaintiff began working for Defendants, but Defendants failed to pay Plaintiff the agreed upon wages.

19. Specifically, Defendants failed to pay Plaintiff any pay whatsoever until December 2016.

20. Defendants allegedly did not pay Plaintiff because one of the new assisted living facilities was just opening and not generating income yet.

21. However, even after the facility opened in July 2016, Defendants failed to pay Plaintiff any of the agreed upon wages in any of the months Plaintiff worked for Defendants.

22. In December 2016, Plaintiff was paid $500 total by Defendants.

23. In January 2017, Plaintiff was paid $1,500 total by Defendants.

24. In February 2017, Plaintiff was paid $3,000 total by Defendants.

25. In March 2017, Plaintiff was paid $1,500 total by Defendants.

26. Defendants have breached the agreement with Plaintiff to pay him all

agreed upon wages.

27. Additionally, Plaintiff worked for several months without pay, which results in a minimum wage and overtime violation for Defendants' failure to pay any wages whatsoever.

28. Plaintiff has retained the services of the undersigned law firm and is obligated to pay them attorneys' fees if successful in this matter.

29. All conditions precedent to this action have been performed or waived.

### COUNT I - RECOVERY OF UNPAID WAGES (STATE LAW)

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. Plaintiff and Defendants agreed that Plaintiff would be paid certain wages and expenses for his work as an administrator. *See supra.*

32. However, Defendants have failed to pay Plaintiff the agreed upon wages and expenses in any of the months in which Plaintiff worked for them.

33. Plaintiff has been damaged as a result of Defendants' failure to pay him the agreed upon wages.

34. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PAWAN GULATI, demands judgment against Defendants for all unpaid wages and expenses found to be due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action, and

any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

37. Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

38. However, during his employment with Defendants, plaintiff was paid so little in some months, and even received no pay in some months, that his regular rate of pay fell below the applicable minimum wage.

39. Plaintiff has demanded proper compensation for his unpaid wages from Defendants, but Defendants have refused to pay the amounts owed.

40. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

41. Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

42. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PAWAN GULATI, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated

damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III - RECOVERY OF MINIMUM WAGES (STATE LAW)

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

45. Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

46. However, during his employment with Defendants, plaintiff was paid so little in some months, and even received no pay in some months, that his regular rate of pay fell below the applicable minimum wage.

47. Plaintiff has demanded proper compensation for his unpaid wages from Defendants, but Defendants have refused to pay the amounts owed.

48. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

49. Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

50. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

51. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PAWAN GULATI, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate

### COUNT IV - RECOVERY OF OVERTIME COMPENSATION

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

53. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

54. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

55. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

56. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

57. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PAWAN GULATI, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 17th day of April, 2018.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
FBN: 0015527
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Secondary Email: iortiz@forthepeople.com
*Attorneys for Plaintiff*