UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAWAN GULATI,

    Plaintiff,

v.

Case No: 6:18-cv-920-Orl-37TBS

ORMOND BEACH HOSPITALITY, LLC,
HORIZON ASSISTED LIVING CORP. and
TEJINDER SINGH WALIA,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Compel Plaintiff's First Request for Production of Documents and Answers to Plaintiff's First Set of Interrogatories (Doc. 31). Defendants Ormond Beach Hospitality, LLC, Horizon Assisted Living Corp., and Tejinder Singh Walia have not filed responses to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (collecting cases). The Court proceeds on the basis that this motion is not opposed.

Plaintiff Pawan Gulati alleges that Defendants failed to pay him wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and the Florida Constitution (Doc. 2). Defendants deny liability and allege, *inter alia*, that Plaintiff's claims are time barred; the parties never had an employer-employee relationship; Defendants overpaid Plaintiff; and Plaintiff failed to mitigate his damages (Doc. 20).

On September 26, 2018, Plaintiff propounded interrogatories and requests for production to Defendants (Doc. 31-1; Doc. 31-2). Defendants did not respond or seek a protective order (Doc. 31,¶ 6; Docket). After the time to respond expired Plaintiff's attorney emailed Defendants' lawyer advising that the discovery was overdue, that all objections had been waived, and that if responses were not served by the following week, a motion to compel would be filed (Doc. 31, ¶ 4). Two days later, Defendants' lawyer said he would be providing responses by November 16, 2018 (Id., ¶ 5). Despite this representation, Defendants have failed to serve their responses to the interrogatories and requests for production (Id., ¶¶ 5-6).

Parties may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007).

Parties can move for orders compelling discovery. FED. R. CIV. P. 37(a). The party making the motion bears the initial burden of proving that the requested discovery is relevant. Douglas v. Kohl's Dept. Stores, Inc., No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). Then, the responding party must specifically

demonstrate how the requested discovery is unreasonable or unduly burdensome. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985). The decision to compel discovery is within the sound discretion of the district court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The Court has reviewed Plaintiff's interrogatories and requests for production and finds that the information sought is relevant to this controversy.

When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived. Bailey Indus., Inc. v. CLJP, Inc., 270 F.R.D. 662, 668 (N.D. Fla. Sept. 30, 2010) ("when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."). See also Bailey v. City of Daytona Beach Shores, 286 F.R.D. 625, 627 (M.D. Fla. Oct. 23, 2012) (collecting cases). The Court can excuse a party from its untimely responses for good cause. Wynmoor Community Council, Inc. v. QBE Ins. Corp., 280 F.R.D. 681, 685 (S.D. Fla. Mar. 5, 2012). Defendants have failed to provide any reason, let alone good cause, for their failure to fulfill their discovery obligations to Plaintiff. On this record, the Court finds that all objections Defendants might otherwise have had to Plaintiff's interrogatories and requests for production have been waived.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court will not order payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). An objection to discovery is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." <u>Maddow v. Procter & Gamble Co., Inc.</u>, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted). Defendants failed to take advantage of their opportunity to respond to Plaintiff's request for attorney's fees and costs, and the Court is unaware of any facts that would support a finding that any of the exceptions in Rule 37(a)(5)(A)(i)-(iii) apply.

Now, Plaintiff's motion to compel is **GRANTED**. Defendants have 14 days from the rendition of this Order to provide full and complete responses to Plaintiff's interrogatories and requests for production. Plaintiff is **AWARDED** his reasonable attorney's fees and costs for prosecuting his motion to compel. Plaintiff has 14 days from the rendition of this Order to file his motion to liquidate the amount of his fees and costs and then Defendants will have 14 days to respond. The parties may avoid this procedure by stipulating to the amount of attorney's fees and costs to be paid to Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties